RECEIVED
IN ALEXANDRIA, LA
FEB - 1 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANDREW H. WARNSTEDT<br>BOP# 12604-014 | DOCKET NO. 09-CV-1472; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| MIKE CRITTLE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION
### TO DISMISS ALL BUT ONE DEFENDANT

Before the Court is the *pro se* complaint of Plaintiff Andrew H. Warnstedt, filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] on August 17, 2009. Plaintiff claims that Defendants violated his right to due process, his right to be free of cruel and unusual punishment, and the supervisors failed to properly instruct, control, and discipline their officers. Plaintiff names as defendants Lt. Mike Crittle, Lt. Williams, Correctional Officer Brandon Willis, Ricardo Marques, W. Ryder, Chris Smith, Joe Keffer, Gregory G. Maldonado, Harrell Watts, and Harley G. Lappin.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

following reasons, it is recommended that Plaintiff's claims be dismissed except for his Eighth Amendment claim against Lt. Mike Crittle.

### Statement of the Case

Plaintiff alleges that, on November 20, 2008, he was attacked and assaulted by an inmate in possession of a knife. Plaintiff was stabbed in the chest, cut on the arm and hip, and bitten on the right hand. In self-defense, Plaintiff hit the assailant, causing him to fall to the ground. Plaintiff unsuccessfully tried to wrestle the knife away from the attacker.

According to Plaintiff, the attack occurred directly in front of Defendant Willis's office, and Willis had an unobstructed view of the assault from start to finish. Willis reported the incident over the radio. The first additional officer to arrive called over the radio that a weapon was involved. A total of eight officers eventually surrounded Plaintiff and his attacker, at which time Plaintiff had the attacker pinned to the ground. Plaintiff was ordered to release the attacker, despite the fact that the inmate still had a knife in his hand. Plaintiff complied, and when the other inmate arose from the floor, he made a stabbing gesture toward Plaintiff. Plaintiff picked up a chair to protect himself from being stabbed again, and he hit the

assailant with the chair, which caused the knife to dislodge. One of the officers retrieved the knife, and Plaintiff stepped back away from the attacker. Two officers stood with the plaintiff, and six officers surrounded the attacker.

Lt. Crittle was late arriving to the scene of the assault, after the inmates had been separated. Instead of verbally ascertaining that all was well and secure, Crittle sprinted approximately forty feet toward Plaintiff, whose back was toward him. Crittle then launched himself at the Plaintiff in a "flying tackle, unwarranted vicious assault, blind side hit on Warnstedt, whom had just survived a knife attack." [Doc. #1, p.15] Plaintiff claims that he suffered whiplash from Crittle's assault, and continues to suffer residual pain.

Plaintiff was examined and treated by the medical department and then interviewed regarding the attack. He was not charged with any disciplinary infractions and was released to general custody. The next day, however, Plaintiff was served with an Incident Report for fighting. Plaintiff alleges that Defendant Crittle conspired with Williams to fabricate a disciplinary report accusing Plaintiff of fighting with his assailant. He alleges that Williams then instructed Willis specifically how to word the report.

**Law and Analysis**

1. <u>Due Process</u>

Plaintiff complains that his right to due process was violated when he received a fraudulent disciplinary report for fighting with another inmate when he was actually attacked by that inmate. He claims that Crittle, Williams, and Willis conspired to bring these false charges against him. Plaintiff complains that a conviction on the charge *would* result in the loss of good time. Plaintiff does not state whether or not he has actually been convicted of the disciplinary charge and sanctioned with a loss of good time. Either way, his claim should be dismissed.

The Supreme Court of the United States has determined that in order to recover damages for allegedly unconstitutional imprisonment, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994); <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)(extending <u>Heck</u> to prison disciplinary proceedings). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. <u>Id</u>.

Thus, if a prisoner seeks damages for unconstitutional

4

imprisonment and he has not satisfied the favorable termination requirement of Heck, he is barred from any recovery and fails to state a claim upon which relief may be granted. See Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000). In this case, if Plaintiff Warnstedt **was** convicted **and did** lose good time, then his current complaint calls into question the validity of the prison disciplinary proceedings. In that case, Plaintiff would have to show that the disciplinary conviction had been reversed or expunged as required by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997). Plaintiff has not made such an allegation.

If Plaintiff **was** convicted, but **did not** lose good time, then his claim is barred by Sandin v. Conner, 515 U.S. 472 (1995). "[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) (citing Sandin v. Conner, 515 U.S. 472 (1995)). Under the guidance of Sandin, the Fifth Circuit has held that as a general rule, only sanctions resulting in the loss of good time credits or which otherwise directly and adversely affect the date of release will implicate a constitutionally protected liberty interest. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). If Plaintiff did not lose good time, then his release date was not affected.

If Plaintiff **has not been convicted**, then his claim is more of a malicious prosecution type claim, to which there is no freestanding right. See <u>Palmisano v. Bureau of Prisons</u>, 258 Fed. Appx. 646 (5th Cir. 2007)(claim that defendants brought false charges does not alone implicate constitutional rights) (citing <u>Castellano v. Fragozo</u>, 352 F.3d 939, 945 (5th Cir. 2003)(no constitutional claim based on tort of malicious prosecution)).

2. <u>Eighth Amendment</u>

Plaintiff alleges that the assault by Crittle constitutes cruel and unusual punishment, as Crittle acted with deliberate indifference to Plaintiff's health and safety. "[T]he settled rule [is] that 'the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" <u>Hudson v. McMillian</u>, 503 U.S. 1, 5 (1992) (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986)). In the context of an allegation of the use of excessive force by a prison official, "the core judicial inquiry is . . . whether force was applied *in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."* <u>Id.</u> at 7 (emphasis added). When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. See <u>Whitley</u>, 475 U.S. at 327. The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from

constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'" Id., (citations omitted).

Plaintiff has alleged that Crittle took a running start and tackled Plaintiff from behind well after the altercation had been terminated by the six officers present. Plaintiff's claim will be served on Officer Crittle.

3.  Failure to train, supervise, control

Plaintiff seeks to hold liable Chief Security & Custody Officer Ricardo Marques, Disciplinary Committee Counselor W. Ryder, Disciplinary Committee co-chairman Chris Smith, and Warden Keffer for the acts of their subordinates. To the extent that Plaintiff seeks to hold these defendants liable for any unconstitutional actions of their subordinates, his claim is frivolous. A defendant may not be found liable just because he held a supervisory role; the doctrines of respondeat superior and vicarious liability do not apply in §1983 actions. Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in

Plaintiff's injuries.  See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993). Plaintiff does not allege that any of these supervisory defendants were personally involved in the actions of Crittle, Williams, or Willis.  Nor does Plaintiff identify an unconstitutional policy or allege the implementation of unconstitutional policies by the supervisory defendants.

Plaintiff also claims that these defendants are liable for failing to properly supervise and train Crittle, Williams, and Willis.  To establish constitutional liability in that regard, a plaintiff must show that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." Estate of Davis v. City of N. Richland Hills, 406 F.3d 375, 381-82 (5th Cir. 2005). For an official to act with deliberate indifference, he must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).  To establish deliberate indifference, "a plaintiff usually must demonstrate a pattern of violations *and* that the inadequacy of the

training is obvious and obviously likely to result in a constitutional violation." Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003) (internal quotation omitted). Where a plaintiff fails to establish deliberate indifference, the court need not address the other two prongs of supervisor liability. See Estate of Davis 406 F.3d at 382.

Plaintiff alleges that assaulting inmates is Crittle's "modus operandi." [Doc. #1, p.18] In support, Plaintiff submits a single statement from an inmate who claims that he once saw Crittle "manhandle" another inmate. [Doc. #1, p.44] Plaintiff does not allege that he was ever assaulted by Crittle prior to this incident or that he ever witnessed Crittle assault another inmate. Nor does Plaintiff claim that any of the defendants were aware that Crittle posed a substantial risk of serious harm to Plaintiff prior to this incident. Plaintiff has not alleged deliberate indifference. Plaintiff concludes that Crittle must have been improperly trained or supervised; however, Plaintiff must allege more than conclusional assertions. Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002)(citing Baker v. Putnal, 75 F.3d 190, 194 (5th Cir. 1996)).

Plaintiff also names as defendants Bureau of Prisons Regional Director Gregory Maldonado, Bureau of Prisons National Director

Harley G. Lappin, and Administrator of Inmate Appeals Harrell Watts. Plaintiff raises no specific factual allegations against any of these defendants. Presumably, Plaintiff named Maldonado, Lappin, and Watts because they denied his administrative appeals. However, Plaintiff does not have a federally protected liberty interest in having his grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to properly address his grievances is frivolous. See Geiger v. Jowers, 404 F3d. 371 (5th Cir. 2005).

4. Failure to Adhere to Policy

Plaintiff complains that the defendants failed to follow prison rules and regulations. Violations of prison rules or regulations, without more, do not give rise to a cause of action. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii), **except for Plaintiff's Eighth Amendment claim against Mike Crittle, which will be served on that defendant.**

Under the provisions of Title 28, Section 636(b)(1)(c) of the United States Code and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana, this _1st_ day of _____, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE