RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/29/11 gdB

IMPORTANT NOTICE: Courtesy copies of documents you file should **NOT** be provided to any judge. All communications with the court SHALL **ONLY** be through documents filed with the Clerk of Court.

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## ALEXANDRIA DIVISION

| | |
|---|---|
| ANDREW H. WARNSTEDT<br>BOP# 12604-014 | DOCKET NO. 09-cv-1472; SEC. P |
| VERSUS | |
| MIKE CRITTLE, ET AL. | DISTRICT JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of plaintiff, Andrew H. Warnstedt (Warnstedt), filed pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1] on August 17, 2009 (Doc. 1). In his complaint, Warnstedt claimed the defendants violated his right to due process, his right to be free of cruel and unusual punishment and the supervisors failed to properly instruct, control and discipline their officers. Warnstedt named Lt. Mike Crittle (Crittle), Lt. Williams, Correctional Officer Brandon Willis, Ricardo Marques, W. Ryder, Chris Smith, Joe Keffer, Gregory Maldonado, Harrell Watts and Harley G. Lappin as defendants.

On February 1, 2010, the undersigned issued a report and

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. §1983.

recommendation to the district judge recommending that all claims except the Eighth Amendment claim against Crittle be dismissed with prejudice as frivolous and for failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii) (Doc. 5). On March 24, 2010, the district judge issued a judgment adopting the report and recommendation (Doc. 14). Accordingly, the only remaining defendant is Crittle and the only remaining claim against him is the Eighth Amendment claims for cruel and unusual punishment.

Currently, Warnstedt's motion for summary judgment (Doc. 46) is before the undersigned for report and recommendation. To date, Warnstedt has not filed a response thereto.

## Statement of the Case

Warnstedt alleges that on November 20, 2008, he was attacked and assaulted by inmate Andrew Binkowski (Binkowski) who possessed a knife. Binkowski stabbed Warnstedt in the chest, cut his arm and hip and bit his right hand. In self-defense, Warnstedt hit Binkowski which caused him to fall to the ground.

According to Warnstedt's account of the incident in question, the attack occurred directly in front of Lt. Willis' office and Willis had an unobstructed view of the assault from start to finish. Willis reported the incident over the radio and the first additional officer to arrive advised over the radio that a weapon was involved. A total of eight officers eventually surrounded

<span>

Warnstedt.

Warnstedt advised he attempted to wrestle the knife away from Binkowski but was ordered to release him. As Warnstedt complied with the order, Binkowski stood up from the floor and made a stabbing gesture toward Warnstedt. He then picked up a chair to protect himself from being stabbed again and hit Binkowski with the chair thereby dislodging the knife. One of the officers retrieved the knife and Warndtedt stepped back from the attacker. Two officers stood with Warnstedt and six officers surrounded his attacker.

Warnstedt further advised that Crittle was late arriving to the scene of the assault after the inmates were separated. Instead of verbally ascertaining that all was well, Crittle sprinted forty feet toward Warnstedt, whose back was to Crittle, launching himself "in a flying tackle, unwarranted vicious assault, blind side hit on Warnstedt, whom had just survived a knife attack" (Doc. 1, p.15).

Warnstedt claims he suffered whiplash from Crittle's assault, and continues to suffer residual pain.

Excessive Force Claim

"The settled rule [is] that 'the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" Hudson v. McMillian, 503 U.S. 1, 5 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). In the context of an allegation of the use of excessive force by a

3
</span>

prison official, "the core judicial inquiry is . . . whether force was applied *in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.*" Id. at 7 (emphasis added). "In determining whether the use of force [by prison guards] was wanton and unnecessary," the court considers "the extent of [the] injury suffered, " "the need for [the] application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (citing Whitley, 475 U.S. at 321)(internal quotation marks omitted).

The court must view the totality of the circumstances from the standpoint of a reasonable officer on the scene, paying particular attention to "whether the suspect posed an immediate threat to the safety of the officers or others." Stroik v. Ponseti, 35 F.3d 155, 157-58 (5th Cir. 1994), cert. den., 514 U.S. 1064 (1995).

Warnstedt's complaint is accompanied by his own affidavit and those of several fellow inmates who witnessed the attack by Binkowski and subsequent action taken by Crittle. Neither his complaint nor the accompanying affidavits provide facts which show Crittle acted in a malicious or sadistic manner for the purpose of causing harm. In fact, inmate Chris Moore states, "[i]n my opinion, Lt. Crittle's conduct was unprofessional and his actions should not go unpunished." (Doc. 1-2, p. 29). Unprofessional

4

conduct does not amount to malicious or sadistic conduct.

Furthermore, the affidavits supplied by Crittle and Senior Officer Brandon Willis advise that threat of harm to inmates and staff was not over as Warnstedt had yet to set the chair down or respond to orders to submit to restraints. The force applied in this case was in the heat of and immediately following a physical altercation involving a weapon. Accordingly, it was not unreasonable to assume that threat remained and that physical force was needed in order to place Warnstedt in restraints and restore discipline.

As Crittle's use of force was applied in good faith rather than maliciously or sadistically and was objectively reasonable under the circumstances, it is not found as an excessive use of force. Thus, defendant's summary judgment motion should be granted.

Qualified Immunity

A review of the facts of this case in a light most favorable to Wanrstedt reveals that Crittle's actions did not give rise to a constitutional violation. Accordingly, Crittle is entitled to qualified immunity from suit. Gibson v. Ric, 44 F.3d 274, 277 (5th Cir. 1995).

Conclusion

IT IS HEREBY RECOMMENDED that Crittle's motion for summary judgment be GRANTED.

IT IS FURTHER RECOMMENDED Warnstedt's claims against Crittle be DISMISSED WITH PREJUDICE.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDING, CONCLUSION, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN THE FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana this ____ day of June, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE